NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENNETH DUCKETT, | Civil Action No. 15-6392-BRM-TJB |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| MELANIE BURAK, et al., | |
| Defendants. | |

Before this Court is the Amended Complaint of Plaintiff Kenneth Duckett ("Plaintiff") asserting civil rights claims under 42 U.S.C. § 1983, alleging Defendants violated his constitutional rights. (ECF No. 7.) Previously, the Honorable Peter G. Sheridan, to whom this case was formerly assigned, construed the Complaint as raising two claims—(1) retaliation and (2) denial of access to the courts—and dismissed both claims for failure to state a claim upon which relief can be granted, but allowed Plaintiff an opportunity to amend. (Op., Nov. 6, 2015 (ECF No. 6) at 5-7.) ("Prior Opinion"). The case was then reassigned to the undersigned. (ECF No. 10.)

In the Amended Complaint, Plaintiff again raises the same two claims. This time, Plaintiff alleges: (1) Defendants retaliated against him by destroying his legal mail after he filed grievances regarding a reduction to prisoners' access to the law library, computers, and other legal resources; and (2) the reduction of access to legal resources violated consent decrees that the State of New Jersey entered into in *Johnson v. Hilton*, No. 77-59 (D.N.J. Sept. 12, 1978), and *Valentine v. Beyer*, 850 F.2d 951 (3d Cir. 1988). (ECF No. 7 at 9-14.) However, the Amended Complaint does not cure the deficiencies identified by Judge Sheridan.

The Court addresses the denial of access to the courts claim first. Judge Sheridan dismissed this claim in the Prior Opinion because Plaintiff failed to show actual injury—that is, the reduction of access to legal resources somehow caused him to lose an otherwise viable legal claim in a legal proceeding. (ECF No. 6 at 7.) In the Amended Complaint, Plaintiff still does not allege he lost any legal claims due to the reduction in legal resources. To the extent Plaintiff seeks to challenge the violation of the alleged consent degrees, assuming such decrees are still active, Plaintiff must raise those challenges in the cases where the decrees were entered—in a § 1983 case, Plaintiff can only raise claims that Defendants' conduct violated the Constitution or federal laws, (*see* ECF No. 6 at 4), and consent decrees are not laws. As such, the Court dismisses this claim. Given his lack of allegations of actual injury, and the fact that the reduction in legal resources does not appear to have hindered Plaintiff's ability to litigate the instant matter, affording Plaintiff another chance to amend would be futile—it is likely Plaintiff simply has not lost any legal claims at all from the alleged reduction. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002) (holding that futility of amendment is a proper reason to deny leave to amend). Therefore, the dismissal is with prejudice.

As for the retaliation claim, Plaintiff alleges that, after he filed grievances challenging the reduction in legal resources, Defendants destroyed his legal mail in retaliation. To state a claim for retaliation in violation of the First Amendment, a plaintiff must establish: "(1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." *Considine v. Jagodinski*, 646 F. App'x 283, 286 (3d Cir. 2016) (quoting *Thomas v. Indep. Twp.*, 468 F.3d 285, 296 (3d Cir. 2006)). However, the Court is unsure how the alleged destruction of legal mail would deter a person of ordinary firmness from exercising

his constitutional right to file grievances. Although not entirely dispositive, the alleged destruction of legal mail certainly has not deterred *Plaintiff* from continuing to file lawsuits and grievances—indeed, the Amended Complaint states he continued to do so (*see* ECF No. 7 at 6), and he obviously filed the instant Complaint. Regardless, Plaintiff has not shown how the destruction of legal mail would have a chilling effect on his constitutional right to file grievances. *See Packnett v. Wingo*, No. 09-0327, 2015 WL 1478597, at *15 (N.D. Cal. Mar. 31, 2015) ("Plaintiff has not shown that Defendants' acts of mishandling his legal mail had the impermissible chilling effect on his constitutional right to petition the government."). Accordingly, the Court dismisses this claim, again, with prejudice because amendment would be futile.

**Date: June 7, 2018**               */s/ Brian R. Martinotti*
                                                  **HON. BRIAN R. MARTINOTTI**
                                                  **UNITED STATES DISTRICT JUDGE**